IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BONILLA AND SUNSTATE TROPICAL WHOLESALE NURSERY,<br><br>    Plaintiffs,<br><br>    v.<br><br>FLOY E. DAWSON, et al.,<br><br>    Defendants. | Case No.: 13-00951 CW (PR) |
| STEVEN BONILLA AND SUNSTATE TROPICAL WHOLESALE NURSERY,<br><br>    Plaintiffs,<br><br>    v.<br><br>KATHLEEN BONILLA,<br><br>    Defendant. | Case No.: 13-00952 CW (PR) |
| STEVEN BONILLA AND SUNSTATE TROPICAL WHOLESALE NURSERY,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRANCIE KOEHLER, et al.,<br><br>    Defendants. | Case No.: 13-00953 CW (PR) |
| STEVEN BONILLA AND SUNSTATE TROPICAL WHOLESALE NURSERY,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFIC GROWERS, et al.,<br><br>    Defendants. | Case No.: 13-00954 CW (PR) |
| STEVEN BONILLA AND SUNSTATE TROPICAL WHOLESALE NURSERY,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFIC GROWERS,<br><br>    Defendant. | Case No.: 13-00955 CW (PR)<br><br>ORDER OF DISMISSAL AND TERMINATING PENDING MOTIONS |

Plaintiff Steven Bonilla is a state prisoner proceeding pro se who seeks leave to proceed in forma pauperis (IFP) in these five civil actions. He brings these actions on behalf of Sunstate Tropical Wholesale Nursery, a company of which he alleges he is the president and owner. In these actions, he attempts to sue various individuals and entities who he maintains are "in default of an opportunity to respond" to a "commercial affidavit" he sent them demanding the payment of debt owed to the company. According to Plaintiff, Defendants' activities are also related to his criminal conviction. Plaintiff previously has attempted to sue these same individuals and entities in federal court on numerous occasions. This Court has dismissed all of those actions for failure to state a claim upon which relief may be granted.

On October 25, 2011, the Court informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed IFP in any civil action he files in this Court. See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19. The sole exception to this restriction is that Plaintiff may proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

Here, Plaintiff has not alleged facts that show he was in imminent danger of serious physical injury at the time he filed these complaints. Further, the fact that Plaintiff has been sentenced to death does not, at this time, satisfy the imminent

2

danger requirement.  He is not in imminent danger of execution because this Court has entered a stay of execution in his pending federal habeas corpus action.  See Bonilla v. Ayers, No. C 08-0471 CW (PR), Docket no. 3.

Moreover, as the Court has explained to Plaintiff on numerous occasions, to the extent the relief he seeks pertains to his ongoing attempts to invalidate his conviction, such claims, if raised, must be brought by appointed counsel in his pending federal habeas corpus action.

Accordingly, for the foregoing reasons, Plaintiff's requests to proceed IFP are DENIED and these actions are hereby DISMISSED.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the files.

The Clerk shall file a copy of this Order in C 08-0471 CW.

IT IS SO ORDERED.

Dated: 3/11/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE